UNITED STATES COURT OF APPEALS

TENTH CIRCUIT


HENRY JAY BUNCH,

        Plaintiff - Appellant,

v.                                              No. 08-7062
                                              (E.D. Oklahoma)
SCOTT CRAIG; JOHN DOE,                    (D.C. No. 6:07-CV-00391-RAW)

        Defendants - Appellees.


ORDER AND JUDGMENT[*]


Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.


        Henry Jay Bunch, an Arkansas state prisoner proceeding pro se, brought an

action under 42 U.S.C. § 1983 in the United States District Court for the Eastern

District of Oklahoma against Scott Craig, an employee of the Cherokee Nation

Marshal Service, and Craig's unnamed supervisor at the Marshal Service. The

factual allegations underlying his claim are unusual, but we assume them to be

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

true for purposes of this appeal: Mr. Bunch was acting as an undercover informant for the Cherokee Nation Marshal Service. Craig promised to supply him with the ingredients needed to manufacture methamphetamine so that he could supply them to a drug dealer under investigation. After Mr. Bunch promised to supply the dealer with the ingredients, he was unable to contact Craig, placing Mr. Bunch under "severe duress." R. at 7. To satisfy the dealer, he shoplifted sudaphedrine pills from a Wal-Mart in Fayetteville, Arkansas. After being apprehended by a Wal-Mart employee, Mr. Bunch drew a pistol from his waistband and fired several shots in the air. When confronted by law-enforcement officers, Mr. Bunch fired the pistol a third time but was ultimately arrested. Mr. Bunch complains that Craig injured him by not assisting in getting supplies for the dealer and in not helping him after he was arrested. His claim against the supervisor is for deficient supervision of Craig.

Craig filed a motion to dismiss for lack of jurisdiction and failure to state a claim. Mr. Bunch filed a motion for appointment of counsel. The district court denied Mr. Bunch's motion and dismissed the case because Mr. Bunch had failed to state a claim against Craig or his supervisor and, to the extent that the Defendants were sued in their official capacities, the suit was barred by tribal sovereign immunity. Mr. Bunch's motion for rehearing was denied as repetitious. Mr. Bunch appeals. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We agree with the district court that Mr. Bunch failed to state a claim. A claim under § 1983 requires the defendant to have acted "under color of state law." *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1305 (10th Cir. 2001). Not only does the complaint fail to tie either defendant to a state government, but Mr. Bunch checked boxes on the complaint form saying that neither defendant was acting "under color of state law," R. at 4–5.

We AFFIRM the judgment of the district court. We DENY Mr. Bunch's motion for leave to proceed *in forma pauperis* and ORDER him to immediately commence partial payments until the fees assessed on September 19, 2008, have been paid in full.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge